IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTI ANN NEWSOME,

    Plaintiff,                  NO.  CIV.S-06-2297 DAD

   v.

STATE OF CALIFORNIA,           ORDER
DEPARTMENT OF SOCIAL
SERVICES,

    Defendant.
_____/

    This matter came before the court on December 22, 2006, for hearing on defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Plaintiff, proceeding pro se, did not appear at the hearing. Deputy Attorney General Susan Slager appeared on behalf of defendant California Department of Social Services.

    As indicated at the hearing, plaintiff has failed to file any opposition to defendant's motion to dismiss.  Rather, at that time the only document filed by plaintiff with the court since the

1

filing of the complaint was a letter filed on December 6, 2006.  In that letter plaintiff indicated that she was "at the point of this case that I can no longer represent myself" and sought the court's assistance.

The court has construed plaintiff's letter as a request for appointment of counsel.  Three factors are relevant to the determination of whether counsel should be appointed to represent a plaintiff in an employment discrimination case such as this one: (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) whether plaintiff's claim has merit.  <u>Bradshaw v. Zoological Soc'y of San Diego</u>, 662 F.2d 1301, 1318 (9th Cir. 1981).  Appointment of counsel is not a matter of right.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 269 (9th Cir. 1982).

Plaintiff paid the filing fee for this action and did not file an application to proceed in forma pauperis.  Accordingly, she has not made an adequate showing of indigency.  The second factor noted above has arguably been satisfied in that the attachments to plaintiff's letter refer to her unsuccessful efforts to secure counsel.  As to the third factor, while the court has not prejudged the matter, it is unconvinced at this stage of the proceedings that plaintiff's claim has merit such that counsel should be appointed.  Plaintiff also has offered no argument in this regard.  Accordingly, plaintiff's request for appointment of counsel will be denied.

On January 17, 2007, plaintiff filed a first amended complaint continuing to allege, as she did in her original complaint, that defendant California Department of Social Services violated her

1 rights under the Americans with Disabilities Act (ADA) by failing to
2 make reasonable work place accommodation to plaintiff in light of her
3 disability.  In the unopposed motion to dismiss, defendant California
4 Department of Social Services argued that it enjoyed absolute
5 immunity with respect to plaintiff's ADA claim under the Eleventh
6 Amendment.  Defendant's argument is not addressed in, or impacted by,
7 plaintiff's first amended complaint.

8      Accordingly, plaintiff will be ordered to file her written
9 opposition, if any, to defendant's motion to dismiss within ten days
10 of the date of this order.[1]/  Plaintiff is forewarned that failure to
11 file such opposition will result in dismissal of the action.

12      For the reasons set forth above, IT IS HEREBY ORDERED that:
13      1.  Plaintiff's motion for appointment of counsel is
14 denied; and
15      2.  Plaintiff's written opposition to defendant's motion to
16 dismiss, if any, shall be filed and served on or before January 29,
17 2007.
18 DATED: January 18, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

22 Ddad1/orders.consent/newsome2297.122206.oah

---

25 [1]/ If plaintiff files opposition to the motion to dismiss and the court determines that oral argument would be helpful in resolving the motion, the matter will be set for oral argument
26 and the parties will be notified.

3