IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTI A. NEWSOME,

      Plaintiff,                            No. CIV S-06-2297 DAD PS

      v.

STATE OF CALIFORNIA                    <u>ORDER</u>
DEPARTMENT OF SOCIAL
SERVICES,

      Defendant.

_____/

        This matter came before the court on February 23, 2007, for a status (pretrial) scheduling) conference. Plaintiff Christi A. Newsome, proceeding pro se, appeared on her own behalf. Deputy Attorney General Susan Slager appeared on behalf of defendant California Department of Social Services.

        The court addressed defendant's pending motion to dismiss. The motion was filed on November 16, 2006, and was initially heard on December 22, 2006. However, plaintiff had not filed opposition to the motion and was not present for the hearing. Pursuant to the court's order filed January 19, 2007, plaintiff filed opposition on January 29, 2007, and defendant filed a reply on January 30, 2007. The motion having been fully briefed, the court heard argument from the parties at the status conference.

1

1  Defendant's motion has been brought pursuant to Federal Rules of Civil
2  Procedure 12(b)(1) and 12(b)(6).  A Rule 12(b)(1) motion is a challenge to the court's
3  jurisdiction over the subject matter.  A motion to dismiss pursuant to Rule 12(b)(6) tests the
4  sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th
5  Cir. 1983).  Dismissal of the complaint or any claim within it "can be based on the lack of a
6  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."
7  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
8  In considering a motion to dismiss for failure to state a claim, the court accepts as
9  true all material allegations in the complaint and construes those allegations, as well as the
10 reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.
11 Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hospital Bldg. Co. v. Trustees of Rex
12 Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).
13 Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v.
14 Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state a claim should be
15 granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the
16 claims that would entitle him or her to relief.  NOW, Inc., 510 U.S. at 256; Hishon, 467 U.S. at
17 73; Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993); Palmer v. Roosevelt
18 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).
19 In her original complaint and in her first amended complaint, plaintiff alleges that
20 defendant California Department of Social Services violated her rights under the Americans With
21 Disabilities Act (ADA) by failing to make reasonable work place accommodation to her.
22 Defendant seeks dismissal on the ground that the Department enjoys absolute immunity with
23 respect to plaintiff's ADA claim under the Eleventh Amendment.  In her written opposition,
24 plaintiff argues that Congress abrogated the States' Eleventh Amendment immunity in the ADA.
25 The Eleventh Amendment serves as a jurisdictional bar to suits for damages
26 brought by private parties against a state or a state agency unless the state or agency consents to

such suit. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Quern v. Jordan, 440 U.S. 332 (1979); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). The Eleventh Amendment does not bar suits for prospective injunctive relief against State officials in their official capacities. Frew v. Hawkins, 540 U.S. 431, 437 (2004); Ex Parte Young, 209 U.S. 123 (1908).

Congress may abrogate the States' Eleventh Amendment immunity when it unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority. Board of Trustees v. Garrett, 531 U.S. 356, 363 (2001). The Supreme Court has determined, however, that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I of the ADA. 531 U.S. at 374 & n.9. Accordingly, the court finds that defendant California Department of Social Services enjoys absolute immunity against plaintiff's ADA claim under the Eleventh Amendment. Defendant is entitled to dismissal pursuant to Rule 12(b)(6).

Sovereign immunity does not bar Title I suits against state officials for prospective injunctive and declaratory relief. Walsh v. Nevada Dep't of Human Resources, 471 F.3d 1033, 1036 (9th Cir. 2006). Although plaintiff's original complaint did not request any relief that would survive the immunity bar, plaintiff's amended complaint seeks declaratory and injunctive relief of a conclusory nature. The court inquired whether plaintiff wishes to amend her pleading a second time in order to allege facts that would support ADA claims for permissible declaratory and injunctive relief against an appropriate defendant. Plaintiff indicated that she has a disability but stated that her disability was not the cause of the events at issue in this case and that she did not wish to further amend her complaint in this action seeking relief under the ADA.

Having considered all written materials submitted in connection with defendant's motion, as well as the parties' statements at the status conference, the court finds that plaintiff cannot amend her complaint to state a cognizable claim pursuant to the ADA.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's November 16, 2006 motion to dismiss is granted without leave to amend; and

2. This action is dismissed with prejudice as to plaintiff's ADA claims and without prejudice as to any non-ADA claims that might still be available to plaintiff concerning the matters that gave rise to this action.

DATED: February 26, 2007.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.consent\newsome2297.oascmtd